IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.: 03-12621 JLT

MICHAEL A. FOSS, MICHAEL E. FOSS, )
and CAROL FOSS, )
)
Plaintiffs, )
)
v. )
)
THE TOWN OF MANSFIELD and )
ARTHUR M. O'NEILL, Individually. )
)
Defendants. )

**DEFENDANTS, THE TOWN OF MANSFIELD AND
ARTHUR M. O'NEIL'S ANSWER TO THE PLAINTIFFS' COMPLAINT AND
DEMAND FOR TRIAL BY JURY**

Now come the defendants, The Town of Mansfield ("The Town") and Arthur M. O'Neil ("O'Neil"), (collectively known herein as "the defendants"), and hereby answer the plaintiffs' complaint paragraph by paragraph as follows:

### INTRODUCTION

To the extent any statements set forth in the first two paragraphs of the Complaint under the subheading "Introduction" can be construed in any way as allegations against The Town and O'Neil, the defendants specifically deny the same.

## JURISDICTIONAL AUTHORITY OF THE COURT

As the allegations set forth in this paragraph of the Complaint state a conclusion of law, no answer is required. The defendants, however, specifically reserve the right to raise any and all applicable jurisdictional defenses.

## THE PARTIES

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 1.

2. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 2.

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 3.

4. The defendants admit the allegations contained within this paragraph.

5. The defendants admit the allegations contained within this paragraph.

## BACKGROUND

6. The defendants deny the allegations contained within this paragraph.

7. The defendants deny the allegations contained within this paragraph.

8. The defendants deny the allegations contained within this paragraph.

9. The defendants deny the allegations contained within this paragraph.

10. The defendants admit that the Mansfield Police Department has not filed criminal charges against any of the plaintiffs but otherwise deny the remaining allegations contained in this paragraph.

## COUNT I

11.  As the allegations contained in Paragraph 11 state a conclusion of law, no answer is required.

12.  As the allegations contained in Paragraph 11 state a conclusion of law, no answer is required.

13.  The defendants deny the allegations contained within this paragraph.

14.  The defendants deny the allegations contained within this paragraph.

## COUNT II

15.  The defendants restate and reaffirm their answers to Paragraphs 1 through 14 of the Complaint.

16.  As the allegations contained in Paragraph 16 state a conclusion of law, no answer is required.

17.  As the allegations contained in Paragraph 17 state a conclusion of law, no answer is required.

18.  The defendants deny the allegations contained within this paragraph.

19.  The defendants deny the allegations contained within this paragraph.

20.  The defendants deny the allegations contained within this paragraph.

## COUNT III

21.  The defendants restate and reaffirm their answers to Paragraph 1 through 21 of the Complaint.

22.  The defendants deny the allegations contained within this paragraph.

23.  The defendants deny the allegations contained within this paragraph.

WHEREFORE, the defendants, The Town of Mansfield and Arthur M. O'Neill, demand that the plaintiffs' Complaint be dismissed together with costs and attorneys fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs' Complaint fails to state a claim against the defendants upon which relief can be granted, thus the plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The claim set forth in the Complaint is wholly insubstantial, frivolous, and not advanced in good faith, and the defendants, therefore, request counsel fees and other costs and expenses incurred in defense of this claim.

### THIRD AFFIRMATIVE DEFENSE

The defendants were justified in their actions.

### FOURTH AFFIRMATIVE DEFENSE

This Court does not have personal jurisdiction over the defendants, thus the plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### FIFTH AFFIRMATIVE DEFENSE

The Court does not properly have jurisdiction of the subject matter of the plaintiffs' Complaint, thus the plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### SIXTH AFFIRMATIVE DEFENSE

This action is barred by operation of the applicable Statute of Limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Any alleged damages by the plaintiffs should be barred or reduced as the defendants are immune from suit.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the doctrines of collateral estoppel and/or res judicata and/or laches.

### NINTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to comply with all notice and presentment requirements, and the case should be dismissed.

### TENTH AFFIRMATIVE DEFENSE

The defendants are not liable for the discretionary functions of their employees.

### ELEVENTH AFFIRMATIVE DEFENSE

The defendants are not liable for any intentional torts of their employees.

### TWELFTH AFFIRMATIVE DEFENSE

The Town of Mansfield is not a legal entity amenable to suit thus the plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and (8).

### THIRTEENTH AFFIRMATIVE DEFENSE

The defendant says that the Complaint should be dismissed pursuant to Rule 12(b)(4) for insufficiency of process.

### FOURTEENTH AFFIRMATIVE DEFENSE

The defendant says that the Complaint should be dismissed pursuant to Rule 12(b)(5) for insufficiency of service of process

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiffs consented to the acts or omissions of the defendants that give rise to this lawsuit.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the plaintiffs assert claims for negligence, any loss sustained by the plaintiffs resulted from their own negligence, which was greater in degree than any negligence of the defendant, thus the plaintiff is barred from recovery in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent the plaintiffs assert claims for negligence against the defendants, if the plaintiffs are entitled to recover against the defendants, such recovery must be reduced as the plaintiffs' own negligence was a proximate cause of the injuries sustained.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the doctrines of collateral estoppel and/or res judicata.

### NINTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to comply with all notice and presentment requirements.

### TENTH AFFIRMATIVE DEFENSE

The Town of Mansfield is not liable for the discretionary functions of its employees.

### ELEVENTH AFFIRMATIVE DEFENSE

The Town of Mansfield is not liable for the intentional torts of its employees.

THE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

For the Defendants,
The Town of Mansfield and
Arthur M. O'Neil,
By their Attorneys,

*/s/ Edward T. Hinchey*
Edward T. Hinchey, Esq., BBO# 235090
Gregg M. Lysko, Esq., BBO# 566627
Sloane and Walsh, LLP
3 Center Plaza
Boston, MA 02108
617-523-6010

Dated: May 12, 2004

## CERTIFICATE OF SERVICE

I, Gregg M. Lysko, attorney for the defendant, The Town of Mansfield, hereby certify that on this _14_ day of May, I made service of the foregoing document(s) by causing a copy thereof to be faxed and mailed, postage prepaid, to the following counsel of record:

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA  01701

_____
Gregg M. Lysko